ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 23 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAREN BUCKLEY | Criminal Indictment<br><br>No. 1:24CR-0131 |

THE GRAND JURY CHARGES THAT:

**Counts 1 Through 52**
**Wire Fraud**

1. Beginning on or about April 13, 2020, and continuing through on or about July 7, 2021, in the Northern District of Georgia and elsewhere, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions would be material.

**Background**

At all times relevant to this Indictment:

2. Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended

to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or about March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program ("PUA"), Federal Pandemic Unemployment Compensation ("FPUC"), and the Lost Wages Assistance Program ("LWAP").

3. In the State of California, the Employment Development Department (CA-EDD) based in Sacramento, California, administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to provide certain information to establish eligibility to receive UI benefits, including their name, Social Security Number, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. CA-EDD relied upon the information in the applications to determine UI benefits eligibility. Once an application was approved, CA-EDD typically distributed state and federal UI benefits electronically to a debit card, which claimants could use to withdraw funds and/or make purchases. These debit cards were sent via the U.S. Postal Service to the address the claimant provided. Claimants could activate their debit cards via telephone or online.

4. In the state of Nevada, the Department of Employment, Training, and Rehabilitation (NV-DETR) administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to provide certain

2

information to establish eligibility to receive UI benefits, including their name, Social Security Number, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. NV-DETR relied upon the information in the applications to determine UI benefits eligibility. Once an application was approved, unemployment benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card. These debit cards were sent via the U.S. Postal Service to the address the claimant provided.

5. Other states, including Arizona and Massachusetts, had similar programs.

## Scheme and Artifice to Defraud

6. As part of the scheme and artifice to defraud, fraudulent UI applications were submitted electronically for unemployment benefits to CA-EDD, NV-DETR, and Arizona Department of Economic Security (AZ-DES). These applications contained fraudulent claims for unemployment benefits for individuals who were not unemployed.

7. These fraudulent UI claims were filed using unknowing individuals' personal information. These individuals were real people.

8. The fraudulent UI claims were filed electronically using virtual private networks. A VPN helps encrypt data and masks the actual originating IP

3

address, helping to conceal the computer used for submitting the fraudulent claims.

9. The fraudulent UI claims included variations of the email address larsonsnider@gmail.com, among other email addresses.

10. The fraudulent claims directed that the debit cards for benefits be mailed to an address in Lawrenceville, Georgia, which was defendant BUCKLEY's address.

11. Over 112 individual debit card accounts were associated with defendant BUCKLEY's address in Lawrenceville, Georgia, including the following:

| Date mailed (on or about) | Agency | Initials | Last four digits |
|---|---|---|---|
| Sept. 14, 2020 | CA-EDD | J.A. | 8359 |
| April 27, 2021 | NV-DETR | M.D. | 7272 |
| April 29, 2021 | NV-DETR | B.L. | 3228 |
| May 3, 2021 | NV-DETR | R.M. | 5421 |
| May 9, 2021 | NV-DETR | R.McM. | 1118 |

12. For approved applications, unemployment benefits were electronically transferred to debit cards that were mailed to defendant BUCKLEY's address.

13. Over $550,000 was fraudulently transferred to these debit card accounts and then withdrawn.

**Execution of the Scheme to Defraud**

14. On or about the dates set forth below, in the Northern District of Georgia, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforesaid

4

scheme and artifice to defraud, with intent to defraud, caused a wire communication to be transmitted in interstate commerce, by conducting the transactions identified below:

| Count | Date | Transaction |
|---|---|---|
| 1 | Sept. 20, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 2 | Sept. 21, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 3 | Sept. 22, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 4 | Sept. 23, 2020 | Withdrawal of $503 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 5 | Sept. 28, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 6 | Sept. 29, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 7 | Sept. 30, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 8 | Oct. 1, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 9 | Oct. 2, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 10 | Oct. 3, 2020 | Withdrawal of $1000 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |

| Count | Date | Transaction |
|---|---|---|
| 11 | Oct. 4, 2020 | Withdrawal of $580 from ATM with debit card ending in 8359 for funds issued for a UI claim filed in the name of J.A. with CA-EDD |
| 12 | May 12, 2021 | Withdrawal of $1000 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 13 | May 13, 2021 | Withdrawal of $1000 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 14 | May 14, 2021 | Withdrawal of $1003 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 15 | May 15, 2021 | Withdrawal of $120 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 16 | May 18, 2021 | Withdrawal of $783 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 17 | May 25, 2021 | Withdrawal of $783 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 18 | June 2, 2021 | Withdrawal of $780 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 19 | June 8, 2021 | Withdrawal of $780 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 20 | June 15, 2021 | Withdrawal of $780 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 21 | June 22, 2021 | Withdrawal of $790 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |
| 22 | June 29, 2021 | Withdrawal of $780 from ATM with debit card ending in 7272 for funds issued for a UI claim filed in the name of M.D. with NV-DETR |

| Count | Date | Transaction |
|---|---|---|
| 23 | May 12, 2021 | Withdrawal of $1000 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 24 | May 13, 2021 | Withdrawal of $1000 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 25 | May 14, 2021 | Withdrawal of $1003 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 26 | May 18, 2021 | Withdrawal of $780 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 27 | May 25, 2021 | Withdrawal of $763 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 28 | June 2, 2021 | Withdrawal of $790 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 29 | June 8, 2021 | Withdrawal of $780 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 30 | June 15, 2021 | Withdrawal of $780 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 31 | June 22, 2021 | Withdrawal of $790 from ATM with debit card ending in 3228 for funds issued for a UI claim filed in the name of B.L. with NV-DETR |
| 32 | May 12, 2021 | Withdrawal of $1000 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 33 | May 13, 2021 | Withdrawal of $1000 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 34 | May 15, 2021 | Withdrawal of $150 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |

| Count | Date | Transaction |
|---|---|---|
| 35 | May 18, 2021 | Withdrawal of $790 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 36 | May 25, 2021 | Withdrawal of $780 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 37 | June 3, 2021 | Withdrawal of $300 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 38 | June 3, 2021 | Withdrawal of $490 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 39 | June 15, 2021 | Withdrawal of $780 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 40 | June 22, 2021 | Withdrawal of $790 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 41 | June 29, 2021 | Withdrawal of $780 from ATM with debit card ending in 5421 for funds issued for a UI claim filed in the name of R.M. with NV-DETR |
| 42 | May 18, 2021 | Withdrawal of $1000 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 43 | May 19, 2021 | Withdrawal of $1000 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 44 | May 20, 2021 | Withdrawal of $1000 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 45 | May 21, 2021 | Withdrawal of $910 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 46 | May 25, 2021 | Withdrawal of $780 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |

| Count | Date | Transaction |
|---|---|---|
| 47 | June 2, 2021 | Withdrawal of $790 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 48 | June 8, 2021 | Withdrawal of $400 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 49 | June 8, 2021 | Withdrawal of $380 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 50 | June 15, 2021 | Withdrawal of $780 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 51 | June 22, 2021 | Withdrawal of $790 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |
| 52 | June 29, 2021 | Withdrawal of $780 from ATM with debit card ending in 1118 for funds issued for a UI claim filed in the name of R.McM. with NV-DETR |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Count 53 through 57
### Mail Fraud

15. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 13 of this Indictment as if the same were fully set forth herein.

16. From in or about April 13, 2020 through in or about July 7, 2021, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, KAREN BUCKLEY, aided and abetted by other persons unknown to the Grand Jury, devised and intended to devise a scheme

9

and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

17. The object of the scheme was for defendant BUCKLEY unjustly and unlawfully to enrich herself and other persons unknown to the Grand Jury, by engaging in fraud related to unemployment insurance, as set forth above.

18. On or about the dates set forth below, for the purpose of executing and attempting to execute the above-described scheme and artifice, defendant BUCKLEY, aided and abetted by other persons unknown to the Grand Jury, knowingly caused the debit cards identified below to be delivered by mail and by private and commercial interstate carrier to an address in Lawrenceville, Georgia, according to the directions thereon:

| Count | Date mailed (on or about) | Agency | Initials | Last four digits |
|---|---|---|---|---|
| 53 | Sept. 14, 2020 | CA-EDD | J.A. | 8359 |
| 54 | April 27, 2021 | NV-DETR | M.D. | 7272 |
| 55 | April 29, 2021 | NV-DETR | B.L. | 3228 |
| 56 | May 3, 2021 | NV-DETR | R.M. | 5421 |
| 57 | May 9, 2021 | NV-DETR | R.McM. | 1118 |

All in violation of Title 18, United States Code, Section 1341 and Section 2.

## Count 58
### Aggravated Identity Theft

19. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 13 of this Indictment as if the same were fully set forth herein.

20. From on or about September 20, 2020, through on or about October 4, 2020, in the Northern District of Georgia, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being J.A., during and in relation to committing the felony violation of wire fraud as alleged in Counts 1 through 11 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Count 59
### Aggravated Identity Theft

21. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 13 of this Indictment as if the same were fully set forth herein.

22. From on or about May 12, 2021, through on or about June 29, 2021, in the Northern District of Georgia, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being M.D., during and in relation to committing the felony violation of wire fraud as alleged in Counts 12 through 22 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Count 60
## Aggravated Identity Theft

23. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 13 of this Indictment as if the same were fully set forth herein.

24. From on or about May 12, 2021, through on or about June 22, 2021, in the Northern District of Georgia, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being B.L., during and in relation to committing the felony violation of wire fraud as alleged in Counts 23 through 31 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Count 61
## Aggravated Identity Theft

25. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 13 of this Indictment as if the same were fully set forth herein.

26. From on or about May 12, 2021, through on or about June 29, 2021, in the Northern District of Georgia, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being R.M., during and in relation to committing the felony violation of wire

fraud as alleged in Counts 32 through 41 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Count 62
## Aggravated Identity Theft

27. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 13 of this Indictment as if the same were fully set forth herein.

28. From on or about May 18, 2021, through on or about June 29, 2021, in the Northern District of Georgia, the defendant, KAREN BUCKLEY, aided and abetted by others unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being R.McM., during and in relation to committing the felony violation of wire fraud as alleged in Counts 42 through 52 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Forfeiture

29. Upon conviction of one or more of the offenses alleged in Counts One through Fifty-Seven, the defendant, KAREN BUCKLEY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the

offense. The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Fifty-Seven of this Indictment.

30. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A __True__ BILL

__/s/ Penny Howard__
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

__/s/__
CHRISTOPHER J. HUBER
*Assistant United States Attorney*
Georgia Bar No. 545627

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

15